### JOHN A. PHILLIPS *v.* NEWMAN E. ARGRAVES, HIGHWAY COMMISSIONER

KING, MURPHY, MELLITZ, SHEA and ALCORN, Js.

Argued March 7—decided May 2, 1961

*Charles V. James,* for the appellant (plaintiff).

*Milton H. Richman,* assistant attorney general, with whom, on the brief, was *Albert L. Coles,* attorney general, for the appellee (defendant).

PER CURIAM. On March 20, 1957, pursuant to what is now General Statutes § 13-145, the defendant took a parcel of the plaintiff's land, together with all rights of access thereto from land abutting it on the southwest, for the layout, alteration and improvement of the trunk-line highway known as routes 2 and 32. The land is located in Norwich. Damages were assessed for the premises taken, and the plaintiff applied to the Superior Court for a reassessment. General Statutes § 13-150. For that purpose, the court appointed a state referee; he filed a report reassessing the amount of damages due. The plaintiff's motion to correct the report was denied by the referee. Exceptions to the report were overruled by the court, the report was accepted and judgment was rendered on it. The plaintiff has appealed.

The plaintiff claims that the land taken became a part of a limited-access highway, that on the completion of the highway other land belonging to the plaintiff was completely surrounded or landlocked by land of others, that he had no access to his remaining land, and that the taking of his land constituted a confiscation of his entire tract, for which he was entitled to compensation from the state. The defendant, on the other hand, contends that all the plaintiff's land had been completely landlocked as a result of the acquisition by the state in 1954 of other property then belonging to the plaintiff and that the plaintiff's claim for damages for the confiscation of all his land because of the present proceedings is without factual foundation.

From the report of the state referee, it appears that on September 30, 1954, the highway commissioner, acting under statutory authority, took from the plaintiff two parcels of land situated in Norwich, together with all rights of access thereto from land abutting the same on the southwest. The referee found that the remainder of the plaintiff's land became landlocked as a result of the 1954 proceedings. No appeal was taken from the assessment of damages made at that time. The referee also found that the taking in the present proceedings of eight hundredths of an acre of land from the tract which was already landlocked did not deprive the plaintiff of any right of access which had not already been taken from him in the 1954 proceedings. The referee therefore limited his award to the value of the eight hundredths of an acre and made no allowance for any damage to the plaintiff's remaining land.

In his assignment of errors, the plaintiff claims that the court erred in sustaining the ruling on his motion to correct the referee's report. By this motion he had sought to make additions to, or deletions from, the facts found in the report. In support of his claim that the report should have been corrected, he relies entirely on certain specified exhibits, examination of which clearly demonstrates that the court did not err in sustaining the referee's rulings on the motion to correct. The judgment rendered on the report must stand.

There is no error.